**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.                                                   Case No.: 2:10-cv-188-CEH-SPC

OYSTER BAY HOMES, INC., a Florida
corporation, PEDRO DELGADO and
MARGARITA DELGADO, citizens of Florida,
KEVIN JACOBSON and RHONDA
JACOBSON, citizens of Florida, RAYMOND
OLER and DANETTE OLER, citizens of
Florida, PETER WILLINGHAM and MARTY
WILLINGHAM, citizens of Florida,
MARILOU DESTACAMENTO and ALADIN
DESTACAMENTO, citizens of Florida,
RUSSELL BRUMBAUGH and CAROL
BRUMBAUGH, citizens of Florida, and
CHYRILLE McINTOSH, a citizen of Florida,

      Defendants.
_____/

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.                                                   Case No.: 2:10-cv-191-JES-DNF

PAUL HOMES, INC., a Florida Corporation,
RICHARD W. FULKS and BONNIE J. FULKS,
citizens of Florida, MICHAEL NUKHO,
EDWARD NUKHO and GEORGE NUKHO,
citizens of New York, and SCOTT BARRY and
JUDY BARRY, citizens of New Jersey,

      Defendants.
_____/

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

       Plaintiff,

vs.                                                                                               Case No.:  2:10-cv-309-CEH-SPC

HANSEN HOMES OF SOUTH FLORIDA, a Florida corporation, JOHN NOWICKI, citizens of Florida, DAVID BORGARDT AND KATHERINE BORGARDT, citizens of Florida, TODD RISMILLER AND LISA RISMILLER, citizens of Florida, NATHAN EFRIES AND PATRICIA EFRIES, citizens of Florida, ROBERT VANCIO AND KAREN VANCIO, citizens of Florida , GLADYS VALLE, a citizen of Florida, WILLIAM BAILEY AND GEORGIA BAILEY, citizens of Florida, AMY COHAN AND BRADLEY COHAN, citizens of Florida, MICHAEL CANCIGLIA AND RUNDA CANCIGLIA, citizens of Florida, GARY STOPA AND SHARON STOPA, citizens of Florida, GIOVANNI LATONA AND CHRISTINE LATONA, citizens of Florida, JACK FASANO, a citizen of Florida, GARY BAKER AND LYNN BAKER, citizens of Florida, FRANK CARDENAS, a citizen of Florida, JANINE CALELLO AND PETER CALELLO, citizens of Florida, JOSHUA FRANKZE AND JULIANNE FRANKZE, citizens of Florida, WSVALDO MADRIGAL AND MARTHA MADRIGAL, citizens of Florida, TONY MORTON AND VERONICA MORTON, citizens of Florida, DAMIAN RIVERA AND SONIA RIVERA, citizens of Florida, MENDEL TIPTON AND DEBORAH TIPTON, citizens of Florida, JOSE ACOSTA AND SOFIA ACOSTA, citizens of Florida, HUYNH NGUYEN, a citizen of Florida, DAVID SIMS, a citizen of Florida, JANELLE CAPLE, a citizen of Florida, KIMBERLY CRICCO AND CARL CRICCO, citizens of Florida, MATTHEW DISTEL AND STEPHANIE DISTEL, citizens of Florida, HANS JOACHIM KEHL, a citizen of Florida, PAUL LOWANDE AND RENE LOWANDE, citizens of Florida, MICHELE TALERCIO AND TOM TALERCIO, citizens of Florida, FRANK VOLLMAR AND ELIZABETH VOLLMAR, citizens of Florida, JOSEPH TALERCIO, a citizen of Florida, WAYNE CARBONELL AND KIMBERLY CARBONELL, citizens of Florida,

       Defendants.
_____/

14505831v1  0906253  56475

| | |
|---|---|
| MID-CONTINENT CASUALTY COMPANY,<br>a foreign corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>AUBUCHON HOMES, INC., a Florida<br>corporation, and JEFFREY D. KOTTKAMP and<br>CYNTHIA KOTTKAMP, citizens of Florida,<br><br>       Defendants.<br>_____/ | Case No.: 2:10-cv-328-JES-SPC |
| MID-CONTINENT CASUALTY COMPANY,<br>a foreign corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>ROBERT VAN HOUSE, a citizen of Florida,<br>JEAN VAN HOUSE, a citizen of Florida, ED<br>JACKSON, a citizen of New Jersey, DIANE<br>JACKSON, a citizen of New Jersey, and VILLA<br>DEVELOPMENT, INC. d/b/a VILLA HOMES<br>OF SW FLORIDA, a Florida Corporation,<br><br>       Defendants.<br>_____/ | Case No.: 2:10-cv-395-JES-DNF |
| MID-CONTINENT CASUALTY COMPANY,<br>a foreign corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>GOLD COAST HOMES OF S.W. FLORIDA,<br>INC., an Administratively Dissolved Florida<br>Corporation, and SHAWN ANDERSON and<br>VICTORIA ANDERSON, citizens of Florida,<br><br>       Defendants.<br>_____/ | Case No.: 2:10-cv-561-JES-DNF |

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.

PORTOFINO HOMES, a dissolved Florida Corporation, KYLE HIMMELBERGER and MARNIE HIMMELBERGER, citizens of Florida, ARTURO LOYNAZ, a citizen of Florida, LUIS MITJANS, a citizen of Florida, and RIGOBERTO RIVAS and MARIA RIVAS, citizens of Florida,

      Defendants.

_____ /

Case No.: 2:10-cv-396-CEH-DNF

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.

GRAND HARBOUR HOMES, INC., a Florida Corporation, and DENNIS LANG and KAREN LANG, citizens of Florida,

      Defendants.

_____ /

Case No.: 2:10-cv-538-CEH-DNF

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

       Plaintiff,

vs.

BAYWOOD CONSTRUCTION, INC., a Florida Corporation, JERALD and MELISSA ADCOCK, citizens of Florida, DARLENE CANNISTRACI, a citizen of Florida, LEE and MELINDA FERGUSON, citizens of Florida, HARBHAJAN HAYRE, citizen of Massachusetts, JOHN and JAYCINE LESTER, citizens of Florida, LARRY SCHILLER, a citizen of Tennessee, EDWARD MANCINI and GRACE SOLVIK, citizens of New Jersey, HELEN REINO, a citizen of New Jersey, MARIE OCTOBRE, citizen of New York, LYNDON MERTZ, a citizen of North Dakota, WILSON FAJARDO and ESTHER GONZALEZ, citizens of Florida, MICHAEL ANDERSON and KARLA CAMPOS, citizens of Florida, ASHOK MALHOE, a citizen of Florida, ANGEL and YVETTE SANTIAGO, citizens of Florida, CARL and PAULETTE WATERS, citizens of Florida, MICHELE HWU, a citizen of California, and SUSAN NEVELS, a citizen of Florida,

       Defendants.

_____/

Case No.: 2:10-cv-523-JES-DNF

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.                                                                                                  Case No.:  2:10-cv-536-CEH-DNF

HEIGHTS PROPERTIES, LLC, a Florida
Limited Liability Company, ANTHONY
SPOTO and SHARON SPOTO, citizens of
Florida, and MICHAEL SHEEHAN, a citizen of
Florida,

      Defendants.
_____/

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.                                                                                                  Case No.:  2:10-cv-579-JES-SPC

GROFF CONSTRUCTION, INC., a Florida
Corporation, NELSON MEDINA, a citizen of
Florida, and JOHNNY ELMURR,  a citizen of
Florida,

      Defendants.
_____/

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

      Plaintiff,

vs.                                                                                                  Case No.:  2:10-cv-591-CEH-SPC

AMERICAN GALLERY DEVELOPMENT
GROUP, LLC d/b/a AMERICAN GALLERY
HOMES, a voided foreign limited liability
company, THOMAS A. MULLEN and
KATHLEEN C. MULLEN, citizens of New
Jersey, and JAVIER RODRIGUEZ and
CATALINA SEPULVEDA, citizens of Florida,

      Defendants.
_____/

**MID-CONTINENT CASUALTY COMPANY'S RESPONSE TO HOMEOWNERS' MEMORANDUM REGARDING THE RELATIONSHIP BETWEEN THE ABOVE-STYLED CASES AND THE CASES IN MULTI-DISTRICT LIGITATION ("MDL") 2047 (CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION)**

Mid-Continent Casualty Company ("MCC") submits this response to the memorandum filed on March 18, 2011, on behalf of certain homeowners. Essentially, the memorandum argues that MCC's declaratory actions should be coordinated with MDL 2047. For the reasons discussed below MCC disagrees that coordination with the MDL proceedings is necessary or would be beneficial. As the JPML has repeatedly recognized, these declaratory actions involve distinct issues of law that are not dependent upon the facts that will ultimately be developed in the Louisiana MDL proceedings.

A. **The MCC Coverage Actions Concern Questions Of Law Which Will Not Be Addressed In MDL 2047. Coordination With MDL 2047 Is Therefore Unnecessary And Inappropriate, Given The JPML's Prior Decisions Not To Transfer Coverage Actions Into The MDL.**

The memorandum includes quotes from Judge Fallon wherein he expressed his preference for consolidating the insurance coverage actions within the MDL. The Memorandum then acknowledges, in a footnote on page 12, that consolidation of these declaratory actions with MDL 2047 is a matter for the Judicial Panel on Multidistrict Litigation ("JPML"). The memorandum then omits any discussion of the JPML's rulings,[1] or Judge Fallon's subsequent decision to remand the one coverage action transferred to the MDL to the state in which it was originally filed. In fact, the JPML has already ruled that insurance coverage actions, such as the above-styled cases, are not appropriate for transfer into the MDL proceedings.

The JPML transferred to the Eastern District of Louisiana, for coordinated or consolidated pretrial proceedings, ten lawsuits seeking damages arising from drywall

---

[1] Mr. Weinstein previously accused counsel for MCC of a lack of candor and requested sanctions be entered against MCC. It is ironic that his memorandum omits any discussion of orders in which the JPML rejected the arguments asserted in his memorandum. Unlike Mr. Weinstein, MCC is not moving for sanctions.

manufactured in China and installed in the plaintiffs' homes. *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (J.P.M.L. June 15, 2009). The Panel found transfer to be appropriate because "[a]ll actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses." *Id*.

Following the entry of the order establishing MDL 2047, insurers including MCC filed complaints for declaratory relief, including the above-styled actions, not in the MDL, but in Florida. In response nearly all the policyholders sued in those actions attempted to transfer those cases as tag-a-long actions under JPML Rule 1.1. In each case, except one, the JPML vacated the conditional transfer order. In their briefs before the JPML, the insurers argued that consolidation was inappropriate since the coverage actions, unlike the product liability suits, involved the interpretation of insurance policies that typically involve questions of law or combined questions of law and fact that that will not be addressed in MDL 2047. For example, in the coverage actions the court may be called upon to determine, what is property damage, the correct trigger of coverage, and whether the work performed by subcontractors exclusion precludes coverage. None of these coverage issues are related to the question of liability under a products liability theory, or the amount of damages plaintiffs sustained, which are the only issues the *Products Liability MDL* will resolve. Since there was insufficient commonality between the MDL Action and the coverage actions, the JPML refused to transfer the coverage cases to MDL 2047. Time and time again the JPML observed:

> The insurance coverage questions in these cases are likely to be decided by the application of the complaint to the policy language under the applicable state law, and much of the motion practice and other pretrial proceedings in MDL No. 2047 will be inapplicable to these cases…In these circumstances, the Panel concludes that inclusion of these actions in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

> The declaratory judgment actions related to the use of Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are

>   often a thankful by-product of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. Transfer of these insurance coverage actions and other similar actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent rulings, settlement of multidistrict litigation is a sometime byproduct, not a statutory rationale, for transfer under Section 1407.

Order Denying Transfer [D.E. 318 October 7, 2010] attached as Exhibit A in *Taylor Morrison v. American International* and *Mid-Continent Casualty Co. ("MCC") v. Active Drywall and JDM Builders*; Order Denying Conditional Transfer MDL 2047, August 9, 2010 attached as exhibit B in *MCC v. Robert C. Pate, Centerline Homes, Design Drywall and Precision Drywall*, Order Denying Transfer MDL No. 2047, June 15, 2010 attached as Exhibit C in *Taylor Woodrow at Vasari, NorthStar Holdings, et. al.*; Order Vacating Conditional Transfer Order in *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009) attached as Exhibit D; and Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010) attached as Exhibit E. Significantly, the June 15, order was a decision by the full JPML which was rendered after hearing not only from the parties to the transfer request, but also from the PSC and the National Association of Homebuilders in support of the request and thirteen insurance companies opposing the request. As stated in the Order, the JPML was advised by the PSC "of the pendency of numerous other insurance coverage actions arising from allegedly defective Chinese drywall." (*Id.*, p. 1 at n. 2.) Thus, the JPML was well aware of the potential impact of its decision on other insurance coverage actions pending throughout the federal court system. The JPML also considered whether increased leverage in potential settlement negotiations could justify transfer, and in each case concluded that the answer was no. Accordingly the statement that the insurance coverage litigation "involves common questions" with the actions that has been transferred to MDL 2047 is simply untrue. (Memorandum at p. 10).

After the JPML's string of decisions, Judge Fallon granted a Motion for Suggestion of Remand by the insurer plaintiffs in *Owners Ins. Co. v. The Mitchell Co., Inc.*,[2] the only insurance coverage action ever transferred to the MDL. In that order, which is not even quoted in the memorandum, Judge Fallon observed:

> The present action was the first insurance declaratory judgment action transferred to MDL No. 2047 *and the last*. On June 15, 2010, the Panel entered an order denying transfer of three similar declaratory judgment actions, finding insufficient similarity between the issues to be determined, i.e., insurance coverage, and the underlying claims to justify centralization. Thereafter, the Plaintiffs' Steering Committee in MDL No. 2047 withdrew its Motion for Designation of Potential Tag-Along Actions which named numerous other similar declaratory judgment actions involving insurance coverage issues.

(*Id.* at 2.)

Subsequently, the JPML agreed with Judge Fallon's recommendation and reversed its earlier order transferring the case to the MDL stating:

> Although the Panel ordered transfer of this action [in an order of April 5, 2010], it has since found insufficient commonality between the insurance coverage issues and the underlying products liability claims to warrant transfer of similar actions. Based on these decisions, the transferee judge granted the plaintiffs' motion for a suggestion of remand of this action "in order to maintain consistency with the Panel's other orders denying transfer to MDL [No.] 2047 in similar declaratory judgment cases involving insurance coverage for Chinese drywall-related damages." In these circumstances, the Panel now concludes that continued inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits under 28 U.S.C. § 1407.

(*See* February 9, 2011 Remand Order (J.P.M.L.).)

Although the JPML has consistently refused to transfer insurance coverage actions into the MDL proceedings, the memorandum nonetheless argues that the coverage actions and MDL proceedings should be coordinated. Coordination of these coverage actions with the MDL

---

[2] Order & Reasons entered September 9, 2010 (*Owners Ins. Co. v. The Mitchell Co.*, No. 10-1036 (M.D. Ga. 2009), docketed at 5503 in MDL No. 2047).

proceedings is inappropriate, since the MCC declaratory judgment actions predominantly involve questions of Florida law regarding the rights, if any, of Florida insureds under various insurance policies. These cases have nothing to do with Louisiana.[3]

In addition to the multiple, varied legal issues, the insurance coverage declaratory judgment actions involve fact questions not at issue in MDL No. 2047. These factual issues include, but are not limited to, the date the Florida homes were completed, and when the property damage, if any was discovered. These factual issues have not been raised in MDL No. 2047, nor will these factual matters be common even among the MCC actions, since, the actions involve, for example, different projects, completed at different times and different policies. In sum, the coverage actions do not involve common questions of fact with the MDL proceedings. Coordination, like consolidation is simply unnecessary.

**B.     Because Florida law governs interpretation of the MCC policies, a Florida mediator is best suited to mediate these actions**.

Under Florida law, a policy of insurance is construed pursuant to the laws of the state where the policy was issued. *LaTorre v. Connecticut Mut. Life Ins. Co.* 38 F.3d 538, 540 (11th Cir. 1994). The MCC policies were issued in Florida to Florida insureds to provide coverage for homes built in Florida. In fact, the MCC policies specifically exclude coverage for homes built in Louisiana. Florida law, thus, indisputably governs application of the MCC policies in these lawsuits. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997); *Suturiano v. Brooks*, 523 So.2d 1126, 1128 (Fla. 1988); *State Farm Mut. Automobile Ins. Co. v. Roach*, 945 So.2d 1160 (Fla. 2006); *Adolpho House Dist. Co. v. Travelers Property Cas. Co.*,

---

[3] The memorandum lists eight Omni complaints. Only one of those complaints, *Amato*, names the insurance companies. In that case, MCC has moved to dismiss since the complaint violates Florida's non-joinder statute. (Memorandum at pp. 10-11). Vinings Insurance Company, a party to case no. 2:10-cv-328-JES-SPC pending before this court, has likewise moved to dismiss the Amato complaint on the basis of lack of subject matter jurisdiction because of Florida's non-joinder statute. Thus the statement that even more insurers are expected to participate in the MDL is false. The other actions identified on page 12 of the memorandum do not involve MCC or Florida insureds or policies.

165 F.Supp.2d 2332 (S.D. Fla. 2001). The same result would occur – the application of Florida law – even if a Florida court applies the Restatement test since all of the homes are located in Florida. *Northland Cas. Co. v. H.B.E. Corp.*, 145 F.Supp.2d 1310 (M.D. Fla. 2001).

The memorandum suggests that Louisiana Mediator John W. Perry would be best suited to mediate these coverage actions due to his involvement in mediation sessions in the MDL. As discussed above, these coverage actions involve entirely different issues than the underlying MDL omnibus actions. Mediator Perry's experience with the products liability aspect of the MDL proceedings has no bearing on the mediation of these coverage actions. Moreover, because the MCC policies will be interpreted under Florida law, a Florida mediator is clearly best suited to conduct the mediations in these cases. As the Court is well aware, in several of these cases, the parties have selected James Nulman as mediator. Prior to becoming a full-time mediator, Mr. Nulman was a Florida construction lawyer, who based upon that experience, is well versed in Florida coverage law in construction litigation, Mr. Perry is not. Accordingly, there is no reason to disturb the previously agreed-upon mediator designated in many of these cases.

C. **Coordination through MDL steering committees and inclusion of non-parties in the mediation of these cases is unwarranted.**

The memorandum refers to the "administrative efforts" implemented by Judge Fallon to coordinate insurance coverage matters in the MDL. (Memorandum at 12.) In light of Judge Fallon's decision to remand the one coverage case which was transferred to MDL 2047, this statement is dated at best. Moreover, the JPML, as noted above, has already rejected Judge Fallon's desire to bring the insurers to the MDL 2047 to permit settlement as a bases for transferring these cases to the MDL.

Knauf and Banner Supply can participate in the mediation of these coverage cases, or be afforded the opportunity to do so even if the cases remain in Florida, however, their participation

is not required and may be an impediment to settlement. MCC has mediated many cases in Florida, without Knauf and Banner (and with a Florida mediator) and has settled some of those cases. Other mediations which have included Knauf and Banner in Florida (and elsewhere) have not settled.

Knauf and Banner Supply are not parties to these actions. MCC is not, and should not be, required to include nonparties in mediations for these cases. Moreover, at this stage in the MDL proceedings, it is not definitively known which houses, if any, contain Knauf drywall (or drywall supplied by Banner) and to delay the mediation and resolution of these coverage actions until discovery is completed in the MDL and all Knauf and/or Banner homes are identified would create unnecessary delay. Finally, should Plaintiffs settle with MCC and its insured(s), Plaintiffs can use, if they wish, the proceeds from that settlement to participate in the Knauf pilot program if they so wish.

**D.     Conclusion**

Pursuant to the Court's March 22, 2011 Orders, MCC submits that its declaratory judgment actions pending before this Court are not related to the MDL in such a way that requires coordination between the two sets of actions. Specifically:

1. MCC's coverage actions involve questions of law that will not be addressed in the MDL.

2. The MCC coverage actions will involve the application of Florida law to MCC's Policies but will not involve many of the factual issues that permeate the MDL. A Florida mediator, such as James Nulman, upon whom the parties have already agreed in several cases, is best suited to mediate these coverage actions.

3.      MCC's coverage actions do not include Knauf and Banner as parties. It is therefore inappropriate or unnecessary to require either of them to participate in these coverage mediations.

>                               Respectfully submitted,
>
>                               /s/ Ronald L. Kammer
>                               Ronald L. Kammer
>                               Florida Bar No. 360589
>                               rkammer@hinshawlaw.com
>                               Pedro E. Hernandez
>                               Florida Bar No. 30365
>                               phernandez@hinshawlaw.com
>                               Jody A. Tuttle
>                               Florida Bar No. 0737801
>                               jtuttle@hinshawlaw.com
>                               Hinshaw & Culbertson LLP
>                               9155 S. Dadeland Boulevard, Suite 1600
>                               Miami, Florida 33156-2741
>                               Telephone: 305-358-7747
>                               Facsimile: 305-577-1063
>                               *Counsel for Mid-Continent Casualty Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Ronald L. Kammer
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com